Quintes D. Taglioli, Esq.
I.D. No. 30158
Peter H. Demkovitz, Esq.
I.D. No. 75319
MARKOWITZ and RICHMAN
121 North Cedar Crest Boulevard
Allentown, PA 18104
(610) 820-9531
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYSON A. WOODS<br>Elizabethtown, PA<br><br>vs.<br><br>MOUNT JOY BOROUGH<br>21 East Main Street<br>Mount Joy, PA 17552<br><br>and<br><br>MARY GINDER<br>Mayor, Mount Joy Borough<br>In her official and individual capacity<br>21 East Main Street<br>Mount Joy, PA 17552<br><br>and<br><br>CHARLES E. GLESSNER<br>In his official and individual capacity<br>21 East Main Street<br>Mount Joy, PA 17552<br><br>And<br><br>ROBERT R. GOLICHER<br>In his official and individual capacity<br>21 East Main Street<br>Mount Joy, PA 17552 | Dkt. No. _____<br><br><br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

|  |  |
|---|---|
| And | : |
|  | : |
| JOHN A. HIESTAND | : |
| In his official and individual capacity | : |
| 21 East Main Street | : |
| Mount Joy, PA 17552 | : |
|  | : |
| And | : |
|  | : |
| CHRIS E. METZLER | : |
| In his official and individual capacity | : |
| 21 East Main Street | : |
| Mount Joy, PA 17552 | : |
|  | : |
| And | : |
|  | : |
| BILL A. HALL | : |
| In his official and individual capacity | : |
| 21 East Main Street | : |
| Mount Joy, PA 17552 | : |
|  | : |
| And | : |
|  | : |
| JOSHUA C. BOWER | : |
| In his official and individual capacity | : |
| 21 East Main Street | : |
| Mount Joy, PA 17552 | : |
| And | : |
|  | : |
| RICK A. SHAFFER | : |
| In his official and individual capacity | : |
| 21 East Main Street | : |
| Mount Joy, PA 17552 | : |
|  | : |
| And | : |
|  | : |
| JAMES J. GOHN | : |
| In his official and individual capacity | : |
| 21 East Main Street | : |
| Mount Joy, PA 17552 | : |
|  | : |
| And | : |
|  | : |
| MOUNT JOY BOROUGH | : |
| POLICE DEPARTMENT | : |

21 East Main Street                          :
Mount Joy, PA 17552                          :
                                             :
        And                  :
                                             :
                                             :
JOHN R. O'CONNEL, Jr.                        :
Chief, Mount Joy Borough                     :
Police Department                            :
In his individual capacity                   :
21 East Main Street                          :
Mount Joy, PA 17552                          :


## COMPLAINT

This action arises out of defendants' violation of plaintiff's, Tyson A. Woods', federally protected civil rights by interfering with his lawful employment as Police Officer for Mount Joy Borough, Pennsylvania, without providing his right to substantive and procedural due process under the Fifth Amendment of the United States Constitution as made applicable under the Fourteenth Amendment of the United States Constitution, as well as his rights under 53 P.S § 46190, which guarantees that a Pennsylvania borough police officer can only be removed for cause.

**I.    JURISDICTION**

1.   Jurisdiction of this court is invoked under 42 U.S.C. §1983 and the First and Fourteenth Amendment to the United States Constitution and the laws of the Commonwealth of Pennsylvania. This court has subject matter jurisdiction over the federal claim pursuant to 28 U.S.C. §§ 1331, 1343.

2.  Supplemental jurisdiction over plaintiffs' claim under 53 P.S § 46190 is invoked under 28 U.S.C. § 1367.

3.  Jurisdiction to grant declaratory judgment is conferred by 28 U.S.C. §2201, 2202. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

4.  Venue is appropriate under 28 U.S.C. §3191(b) in that plaintiff's claims arose in the Eastern District of Pennsylvania.

## II. PARTIES

5.  Plaintiff, Tyson A. Woods ("Officer Woods"), was until his unjust termination and at all times relevant hereto a full-time Police Officer with Mount Joy Borough.

6.  Defendant, Mayor Mary Ginder, is and has been at all times relevant hereto the Mayor of Mount Joy Borough, Pennsylvania, with her office located at 21 E. Main Street, Mount Joy, PA 17552.

7.  Defendant, Mount Joy Borough is a duly organized borough within the Commonwealth of Pennsylvania with offices located at 21 E. Main Street, Mount Joy, PA 17552.

8.  Defendant Charles E. Glessner is a member of the council for Mount Joy Borough located at 21 E. Main Street, Mount Joy, PA 17552.

9.  Defendant Robert R. Golicher is a member of the council for Mount Joy Borough located at 21 E. Main Street, Mount Joy, PA 17552.

10. Defendant John A. Hiestand is a member of the council for Mount Joy Borough located at 21 E. Main Street, Mount Joy, PA 17552.

11. Defendant Chris Metzler is a member of the council for Mount Joy Borough located at 21 E. Main Street, Mount Joy, PA 17552.

12. Defendant Bill A. Hall is a member of the council for Mount Joy Borough located at 21 E. Main Street, Mount Joy, PA 17552.

13. Defendant Joshua C. Bower is a member of the council for Mount Joy Borough located at 21 E. Main Street, Mount Joy, PA 17552.

14. Defendant Rick A. Shaffer is a member of the council for Mount Joy Borough located at 21 E. Main Street, Mount Joy, PA 17552.

15. Defendant James J. Gohn is a member of the council for Mount Joy Borough located at 21 E. Main Street, Mount Joy, PA 17552.

16. Defendant, the Mount Joy Borough Police Department, is the borough department mandated to protect and serve the safety of the residents of Mount Joy, Pennsylvania, with its headquarters at 21 E. Main Street, Mount Joy, PA 17552.

17. John R. O'Connell, Jr., is and has been at all times relevant hereto the Chief of the Borough of Mount Joy Police Department.

### III. FACTUAL ALLEGATIONS

18. Officer Woods was a uniformed police officer employed by defendant Mount Joy Borough from May 7, 2003 to his termination on April 2, 2012. Prior to working for Mount Joy Borough, Officer Woods worked as a police officer for Susquehanna Township, Pennsylvania as well as for North Middletown Police Department in Carlisle, Pennsylvania.

19. Officer Woods was also a member of the Lancaster County Special Emergency Response Team (S.E.R.T.).

20. At all times relevant Officer Woods was an exemplary police officer who faithfully carried out the duties of his position.

21. On or about November 6, 2010, Officer Woods was dispatched to investigate a complaint about college kids harassing an older resident by allegedly stealing his bicycle. Officer Woods responded to the call in an unmarked police vehicle. At the same time, another Mount Joy police officer, Kyle D. Hosking, ("Officer Hosking") also responded to the call in a marked patrol car.

22. The two officers began to question the complainant about what had occurred. The complainant did not appear fully oriented or coherent. The complainant then went into his apartment, and then reappeared at his door, shouting in an agitated but incoherent manner, "What's going on? What's going on out there?"

23. The complainant then became increasingly agitated and belligerent. Officer Woods was concerned that the complainant might be seeking to retrieve a firearm from his apartment.

24. After again calling 911, the complainant then came barreling out of his door with his fists clenched. Officer Woods then backed up and tried to get the complainant to stop his attack and calm down, to no avail. To stop the attack, Officer Woods was forced to use his Taser to immobilize the complainant.

25. When this Taser had no effect on the complainant, Officer Hosking also deployed his Taser. This had no effect on the complainant either, however. The two officers, with the help of other police officers now on the scene, were able to subdue the complainant, who was then later evacuated from the scene by emergency medical service personnel, and who later that night unfortunately expired.

26. After this incident Officer Woods was interviewed by the Pennsylvania State Police as to what occurred.

27. In February 2011, Officer Woods was taken off of S.E.R.T. due to the pending investigation, which he was told was now being handled by the Commonwealth's Attorney General's office.

28. On or about June 13, 2011, Officer Woods was interviewed by two agents from the Attorney General's office.

29. On or about November 10, 2011, Officer Woods was informed by electronic mail that no criminal charges were being filed as a result of the November 6, 2010 incident, and that the Attorney General's file was being closed.

30. On or about December 6, 2011, John R. O'Connell, Jr. Chief of the Borough of Mount Joy police department ("Chief O'Connell") informed the Borough Council that he had received new information about the November 6, 2010 incident, and that he was placing Officer Woods on paid administrative leave.

31. On or about December 7, 2011, Officer Woods was given a statement signed by Mayor Mary Ginder ("Mayor Ginder") that advised Officer Woods that he was being placed on paid administrative leave in order for Mount Joy Borough Police Department to conduct an internal investigation, and to "review the case (sic) to the Use of Force Policy and other department policies and regulations."

32. Officer Woods then turned over his gun, badge and keys to the department.

33. Detective Rusnak of the Mount Joy Borough Police Department was placed in charge of the investigation. When Officer Woods asked Detective Rusnak what was the new information received by Chief O'Connell that required the reopening of the investigation, Detective Rusnak said he could not tell Officer Woods at that time.

34. On or about January 11, 2012 Officer Woods spoke to Detective Rusnak by telephone. Detective Rusnak informed Officer Woods that the investigation was concluded and that he would be reporting his findings to Chief O'Connell.

35. Officer Rusnak further stated that he thought that Officer Woods would be back to work any day, and that he only found two minor issues to report: 1) a Use of Force/Taser report was not completed; and 2) photographs were not taken of the complainant after he had been Tasered. (As it happened, the Use of Force/Taser report was submitted.)

36. On January 30, 2012, Officer Woods received an electronic mail from Detective Rusnak stating that "there are a couple of questions I have for you." The e-mail asked to see Officer Woods, but stated that the meeting was voluntary.

37. On or about February 3, 2012, Officer Woods met with and was interviewed by Detective Rusnak.

38. On or about March 26, 2012, Officer Woods was left a message by Chief O'Connell asking him to meet with him and the Mayor. When Officer Woods e-mailed Mayor Ginder as to the purpose of the meeting, he was informed by her that it was to go over the findings of the internal investigation.

39. Officer Woods, who is a member of the Mount Joy Borough Police Association which represents the full-time and part-time members of the police department (except the Chief of Police) appeared at the meeting with two representatives from the Fraternal Order of Police.

40. At the April 2, 2012 meeting, Mayor Ginder read a prepared letter terminating Officer Woods' employment. The letter stated only the following: "The internal investigation into your conduct during the November 6, 2010 incident involving [complainant] has been completed. Based on all the facts and circumstances as well as the recommendation of the Chief of Police, I have concluded that your conduct was a violation of the Mt. Joy Borough Police Department Use of Force Policy. Accordingly, your employment as a Police Officer for the Borough of Mt. Joy is terminated effective immediately."

41. When asked what specifically Officer Woods had violated in the Borough of Mount Joy's Borough Police Department Use of Force Policy, Mayor Ginder refused to answer. Nor did she allow Officer Woods or his representatives to respond to the charges, which, in any event, were not specified.

42. Mayor Ginder did state that the next step was for the Borough Council to approve or disapprove the termination.

43. At the meeting of the Borough Council that evening Office Woods was not allowed to speak to the Borough Council, although he did provide it with a letter which he requested be read during the Borough Council's executive session.

44. After private deliberations, the Borough Council unanimously voted to uphold Officer Woods's termination.

45. Officer Woods was terminated without being afforded proper notice and an opportunity to be heard prior to his termination.

46. All defendants willfully and maliciously denied Officer Woods proper notice of the charges against him and an opportunity to be heard prior to his termination.

47. At no point during the investigation was Officer Woods ever apprised of the specific charges which lead to his termination. On the contrary, Detective Rusnak specifically told Officer Woods that the only violations he could see which had occurred were minor administrative violations of protocol.

48. The only other notice of the charges and opportunity for Officer Woods to be heard would have occurred at the meeting with Mayor Ginder. She blatantly and knowingly refused to apprise Officer Woods of the charges, provide even a cursory summary of the evidence against him, or allow him an opportunity to be heard, however.

49. As the decision to deny Officer Woods his Constitutionally protected due process rights were made by the highest executive decision makers of Mount Joy Borough and Mount Joy Borough Police Department (that is, the Mayor, Council and the police Chief), the Constitutional injury suffered by Officer Woods was the result of the official policy and custom of Mount Joy Borough and the Mount Joy Borough Police Department.

## IV. CAUSES OF ACTION

### FIRST CAUSE OF ACTION – VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION
(All Defendants)

50. Plaintiff repeats each and every allegation above as if more fully set forth herein.

51. Under the Fourteenth Amendment, plaintiff had a clearly established property interest in his employment as a Mount Joy Borough police officer under 53 P.S § 46190 which mandates that borough police officers can only be removed for cause.

52. Additionally, as a member of the Mount Joy Borough Police Department, plaintiff was represented by the Mount Joy Borough Police Officers Association as his exclusive bargaining agent in accordance with the Collective Bargaining for Policeman and Fireman Act (Act 111), 43 Pa. C.S. § 217.1-10 ("Act 111"), and the Pennsylvania Labor Relations Board in Case No. PF-R-82-18-E.

53. Mount Joy Borough and Mount Joy Borough Police Officers Association executed a collective bargaining agreement ("CBA") (effective January 1, 2011 through December 31, 2013.) (See attached). That CBA specified in Article 17 that "No employee shall be reprimanded or adversely/unsatisfactorily evaluated without just cause."

54. Plaintiff's termination was a reprimand and/or adverse/unsatisfactory evaluation within the terms of the CBA. Thus, plaintiff had a constitutionally protected property interest additionally based on the terms of the CBA.

55. Such a property interest under 53 P.S § 46190 and/or the CBA requires that plaintiff be afforded due process, that is, notice and the opportunity to be heard, prior to his termination.

56. Defendants refused to provide plaintiff his pretermination due process rights, in violation of the Fifth and Fourteenth Amendments of the Constitution.

57. Defendants' actions violated plaintiff's clearly established rights under the United States Constitution and were both unreasonable and contrary to clearly established law.

58. Defendants were acting under color of law at all relevant times hereto.

59. Defendants were implementing a custom, policy or practice instituted and ratified by Mount Joy Borough and Mount Joy Borough Police Department.

60. Defendants' actions were both malicious and willful.

**WHEREFORE,** the plaintiffs requests that this court:

    a. Assume jurisdiction over this matter;

    b. Issue a declaration that the defendants violated the plaintiffs' rights under the Fifth and Fourteenth Amendments of the United States Constitution;

    c. Issue a declaration that the defendants developed and maintained practices, policies and/or customs exhibiting deliberate and indifference to the constitutional rights of its citizens, which caused violations of plaintiff's constitutional rights;

    d. Order all defendants to pay compensatory damages and all defendants except the Mount Joy Borough and Mount Joy Borough Police Department to pay punitive damages to the plaintiff;

    e. Order the defendants to pay attorneys' fees pursuant to 42 U.S.C. §1988; and

    f. Grant any other relief the court deems appropriate.

### SECOND CAUSE OF ACTION-VIOLATION OF 53 P.S. § 46190
**(Defendants Mount Joy Borough and Mount Joy Borough Police Department)**

61. Plaintiff repeats each and every allegation above as if more fully set forth herein.

62. Pennsylvania mandates that borough police officers can be removed from their employment only for just cause. This requirement is found in 53. P.S. § 46190.

63. That statute requires that a borough police officer can only be removed from duty for one of six enumerated reasons.

64. Implicit in that mandate is that any borough police officer removed from duty for committing one of the six prohibited actions allowing for his discharge be given specific notice of the alleged violation and reasonable and timely notice of an opportunity to be heard prior to his termination.

65. Plaintiff was not given the notice and opportunity to be heard required under 53 P.S. § 46190.

66. Plaintiff was also terminated in further violation of 53 P.S. § 46190 in that he had not committed any one of the six violation that would allow for his removal under 53 P.S. § 46190.

**WHEREFORE,** the plaintiff requests that this court:

    a. Assume jurisdiction over this matter;

    b. Issue a declaration that the defendants violated the plaintiff's rights under 53 P.S. § 46190;

    c. Issue a declaration that the defendants developed and maintained practices, policies and/or customs exhibiting deliberate and indifference to the rights of its employees, which caused violations of plaintiffs' rights;

    d. Order the defendants to pay compensatory and punitive damages to the Plaintiffs;

    e. Order that plaintiff be reinstated to his position with all benefits, back pay, and rights restored;

    f. Order the defendants to pay attorneys' fees; and

    g.    Grant any other relief the court deems appropriate.

Respectfully submitted:

*[signature]*

Quintes D. Taglioli, Esq.
I.D. No. 30158
Peter H. Demkovitz, Esq.
I.D. No. 75319
MARKOWITZ and RICHMAN
121 North Cedar Crest Boulevard
Allentown, PA 18104
(610) 820-9531
Attorneys for Plaintiff

DATE: May 21, 2012